OPINION
Defendant-appellant, William R. Gregg, was charged in the Franklin County Municipal Court with a violation of R.C.4301.58(B), selling a bottle of wine without having the proper permit issued by the Ohio Division of Liquor Control. After reciting the parties' stipulation of facts, the trial court found defendant guilty and sentenced him accordingly.
Defendant appeals, asserting the following assignments of error:
FIRST ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED WHEN IT ACCEPTED APPELLANT'S PLEA OF NO CONTEST AND MADE A FINDING OF GUILTY CONCERNING A VIOLATION OF R.C. § 4301.58(B) BASED UPON STIPULATIONS WHICH DID NOT ESTABLISH THAT APPELLANT EITHER KNOWINGLY OR RECKLESSLY SOLD INTOXICATING LIQUOR AT A TIME WHEN THE PERMIT TO DO SO WAS UNDER SUSPENSION.
SECOND ASSIGNMENT OF ERROR:
 THE LOWER COURT'S INTERPRETATION OF R.C. § 4301.58(B) WHICH IN PART IMPOSES STRICT LIABILITY FOR THE SALE OF INTOXICATING LIQUOR WITHOUT A PROPER PERMIT VIOLATES THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
The stipulations upon which the trial court based its guilty finding are as follows:
 Just for the record, the stipulation that the parties have come up with is that the defendant was charged with violation of Revised Code 4301.58(B), on January 15, 1999. The complaint alleges that in the City of Reynoldsburg, Franklin County, Ohio, William Gregg did sell, furnish, or give away intoxicating liquor consisting of a 750 milliliter bottle of André Brut without having a proper permit issued by the Ohio Division of Liquor Control.
 On the date of the incident, defendant was a manager of Mark's Carryout, hereafter referred to as Mark's, which held liquor permit 8625428, a C1-C2D6 permit that authorizes sale of beer and wine for off-premises consumption. Mark's was also a party to a retail agency contract with the Department of Liquor Control that authorizes the sale of spiritous liquor for off-premises consumption.
 Permit number 8625428 was suspended by the State of Ohio for the period beginning January the 13th, 1999, to January 23d 1999. Defendant had actual knowledge on January the 15th, 1999, that permit 8625428 had been suspended.
 The retail agency contract that allowed Mark's to sell spiritous liquor was not under suspension on January the 15th, 1999, and the defendant had actual knowledge that Mark's could legally sell spiritous liquor. On January the 15th, 1999, defendant sold to a liquor investigator one bottle of spiritous liquor and one bottle of André Brut. André Brut is an intoxicating liquor, wine, and it is not a spiritous liquor.
 On July the 7th, the case was scheduled for jury trial before the Court. Prior to trial, the State of Ohio requested a preliminary ruling from the Court concerning the criminal intent which must be proven to establish a violation of Revised Code 4301.58(B). State maintained that this section is a strict liability statute that requires no criminal intent. Defendant maintained the section requires proof of knowledge or at lest recklessness as to each element of the offense.
 The Court ruled that a violation of this section occurs when a person with knowledge of the permit suspension sells an intoxicating liquor, but that the State is not required to prove that the seller knew or should have known that the item sold was intoxicating liquor.
 The defendant would have submitted written jury instructions that would have outlined the State's burden of proof. Instructions proposed by the defense would have required the State to prove beyond a reasonable doubt that the defendant knew or should have known that the permit was suspended on January the 15th, '99, and either then knowingly or recklessly sold intoxicating liquor on the said date.
 The Court ruled that it would not give an instruction that would require proof of the defendant knowing or recklessly . . . proof that the defendant knowingly and recklessly sold intoxicating liquor.
 On July 7, 1999, the defendant entered a plea of no contest to the complaint, which does not contain an allegation of mens rea. Parties have stipulated to the knowledge of the suspension of permit 8625428 on the date of the incident, but there is no stipulation nor has the Court received any fact to show that the defendant knowingly or recklessly sold the André Brut referenced in the complaint.
 The Court has accepted the defendant's no contest plea and the stipulations based on his no contest plea previously entered and the stipulations, and I do enter a finding of guilty. [Tr. 2-5.]
The issue raised by appellant's first assignment of error is whether R.C. 4301.58(B) imposes strict liability against a person who sells intoxicating liquor knowing that the owner of the premises did not possess a proper permit to do so at the time of sale.
R.C. 4301.58(B) reads as follows:
 (B) No person, by himself or herself or by the person's clerk, agent, or employee, who is not the holder of a B, C, D, E, F, G, or I permit issued by the division, in force at the time, and authorizing the sale of beer, intoxicating liquor, or alcohol, * * * shall sell, keep, or possess beer, intoxicating liquor, or alcohol for sale to any persons * * *.
R.C. 4301.58(B) is silent as to any degree of culpability; rather, it merely proscribes the act of selling intoxicating liquor without a license. The issue presented to us is whether R.C. 4301.58(B) is to be deemed a strict liability offense or whether some degree of culpability is required.
R.C. 2901.21(B) provides as follows:
 (B) When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in such section, then culpability is not required for a person to be guilty of the offense. When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense.
In State v. Dillon (Feb. 19, 1985), Greene App. No. 84-CA-38, unreported, the Second District Court of Appeals held that, in light of the provisions of R.C. 2901.21, R.C. 4301.58(B) should not be interpreted to plainly indicate a purpose to impose strict criminal liability and that, instead, proof of recklessness should be required as specified by R.C. 2901.21(B). The Second District reasoned that R.C. 2901.21 was enacted to implement various principles of the model penal code. The model penal code advocates the view that offenses which constitute moral condemnation or for which imprisonment may be imposed should not be strict liability offenses. A violation of R.C. 4301.58(B) is a first-degree misdemeanor, carrying a maximum penalty of six months imprisonment and a $1,000 fine. The court stated that this was so severe a potential penalty that the General Assembly, by its passage of R.C. 2901.21(B), latently amended R.C. 4301.58(B) to make recklessness an element of the offense, finding that the state's considerable interest in controlling the sale of intoxicating liquors is adequately served by requiring the state to prove recklessness in order to obtain a conviction.
In State v. Gross (Aug. 12, 1992), Highland App. No. 783, unreported, the Fourth District Court of Appeals found that R.C. 4301.58(B) is not a strict liability statute. Relying uponDillon, supra, the court also found that, if strict liability is to be imposed, it is applicable only as to the person responsible for maintaining a proper liquor license, not those in his employ who must be found to be reckless to be criminally liable in his or her own right.
In State v. Jones (May 20, 1998), Summitt App. No. 18752, unreported, the Ninth District Court of Appeals disagreed with the findings of the Dillon and Gross courts that R.C.4301.58(B) does not plainly indicate a purpose to impose strict criminal liability, but found that strict liability could be applied only against the permit holder or potential permit holder that is the subject of the statute's prohibitions and not the agents or employees of the permit holder.
We find the reasoning of the Dillon court, supra, as supported by the Gross court, supra, to be persuasive. R.C.4301.58(B), construed in light of R.C. 2901.21 which adopts important principles of the model penal code, should not be interpreted as imposing strict liability but, rather, that recklessness should be held to be an element of the offense.
The trial court erred in its pre-trial ruling that the state is not required to prove that the seller knew or should have known that the item sold was intoxicating liquor and that it would not require proof that the defendant knowingly or recklessly sold intoxicating liquor.
Defendant's first assignment of error is sustained.
In light of our disposition of defendant's first assignment of error, it is unnecessary to address his second assignment of error, which alleges that the imposition of strict liability for the sale of intoxicating liquor without a proper permit violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.
The judgment of the Franklin County Municipal Court is reversed and this cause is remanded to that court for further proceedings in accordance with this opinion.
Judgment reversed and cause remanded.
 ________________________________ McCORMAC, PRESIDING JUDGE
TYACK and DESHLER, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.